IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>)<br>  v. )<br>)<br>CRAIN AUTOMOTIVE HOLDINGS, LLC, )<br>CRAIN K OF NWA, LLC d/b/a CRAIN )<br>KIA OF BENTONVILLE d/b/a CRAIN KIA )<br>OF NWA )<br>)<br>    Defendant. | CIVIL ACTION NO.<br>5:23-cv-05164-TLB<br><br><u>C O M P L A I N T</u><br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Galen Taylor who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission contends that Defendant Crain Automotive Holdings, LLC, Crain K of NWA, LLC d/b/a Crain Kia of Bentonville d/b/a/ Crain Kia of NWA, subjected Taylor to retaliation. Specifically, the Commission alleges that Defendant discharged Taylor after he reported a racial comment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Arkansas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Crain Automotive Holdings, LLC, Crain K of NWA, LLC d/b/a Crain Kia of Bentonville d/b/a Crain Kia of NWA (Defendant) has continuously been doing business in the State of Arkansas at its Bentonville facility and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Taylor filed a charge of discrimination with the Commission against Defendant alleging Defendant violated Title VII.

7. On August 8, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated Title VII and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On August 22, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least June of 2022, Defendant has engaged in unlawful employment practices at its Bentonville, Arkansas facility in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991.

13. The unlawful employment practices include retaliating against Taylor after he engaged in protected activity.

   a. Defendant sells and trades new and used vehicles, sells retail and wholesale parts, and provides automotive services.

   b. Taylor began working for Defendant as a salesperson on October 4, 2021, at its Bentonville, Arkansas dealership.

   c. On or about April 4, 2022, Defendant granted Taylor's request to transfer to the Crain Used Car Supercenter in Fort Smith, Arkansas.

   d. Taylor returned as a sales associate to Crain Kia of Bentonville on or about June 3, 2022.

   e. Taylor worked as the only African American sales associate at the dealership.

   f On or about June 6, 2022, Taylor attended the regular Monday morning sales

meeting.

  g. At the end of the meeting, Jerry Parker, sales manager, addressed Taylor's return to the dealership.

  h. Parker said he "wanted to address the monkey in the room."

  i. Less than 20 minutes after the meeting, Brandon Stege, a sales associate, made a joke about buying Taylor a toy because he is "the new monkey in the room."

  j. Stege also told Taylor that he could no longer pick on Taylor or call him names because everyone thinks he is the "monkey now."

  k. Previously, while they were standing outside, Stege told Taylor that the airplane flying above them was "Jeff flying around looking for negros."

  l. Taylor reported Parker's racial comment and Stege's comment to Lindsey Mitchell, office administrator.

  m. Mitchell and John Donawho, general manager, met with Taylor to discuss what Taylor wanted to happen to Parker.

  n. Donawho assured Taylor there would be no retaliation in accordance with Defendant's anti-retaliation policy.

  o. Defendant's retaliation policy provides Defendant will not retaliate against any individual who makes a complaint, nor will Defendant permit any manager or supervisor or associate to do so.

  p. Defendant failed to apply the retaliation policy to Taylor.

  q. Taylor drafted a statement regarding the incident.

  r. Taylor informed Donawho and Mitchell that he no longer felt safe at the dealership.

  s. Donawho and Marsha Mason, human resources representative, met with Taylor to

determine what Taylor wanted Defendant to do regarding Parker.

  t.  Taylor told Donawho and Mason to follow the handbook.

  u.  Defendant gave Taylor a few days to think about what action he wanted Defendant to take regarding Parker.

  v.  Taylor did not arrive at a decision.

  w.  Donawho offered Taylor two options: transfer to Crain Hyundai, the dealership across the street, or, draft a second statement saying he felt safe at the dealership.

  x.  Taylor did not understand why he had to transfer to Crain Hyundai because he did nothing wrong.

  y.  When Taylor refused to make a decision about Parker's employment, Donawho threatened Taylor's job.

  z.  Donawho threatened to exercise its 90-day probationary period and said "it's not working" since Taylor could not come to a decision regarding Parker.

  aa.  Taylor felt he was being punished for exercising his right to complain of racial discrimination.

  bb.  On or about June 13, 2022, Taylor declined to transfer to Crain Hyundai.

  cc.  On or about June 13, 2022, Taylor declined to draft a second statement saying he felt safe at the dealership.

  dd.  On or about June 13, 2022, Defendant terminated Taylor.

  ee.  Defendant terminated Taylor a week after he complained about race discrimination.

  ff.  Defendant's 90-day probationary period did not apply to Taylor because Crain had employed Taylor for over 90 days.

  gg.  Defendant would not have terminated Taylor but for his reporting the racial

comment.

  hh.  Defendant terminated Taylor despite its own policy prohibiting retaliation.

  ii.  Defendant terminated Taylor despite its assurance to Taylor that Defendant would not retaliate against him for his complaint.

  14.  The effect of the practices complained of in Paragraph 13a-ii above has been to deprive Taylor of equal employment opportunities and to otherwise adversely affect his employment because he engaged in protected activity.

  15.  The unlawful employment practices complained of in Paragraph 13a-ii above were and are intentional.

  16.  The unlawful employment practices complained of in Paragraph 13a-ii above were done with malice or with reckless indifference to the federally protected rights of Taylor.

## PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

  A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of retaliation.

  B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity and eradicate the effects of its past and present unlawful employment practices.

  C.  Order Defendant to make whole Galen Taylor by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices for Galen Taylor.

  D.  Order Defendant to make whole Galen Taylor by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

Paragraph 13a-ii above, including but not limited to expenses for relocation, job search, medical expenses not covered by employee benefit plans, as well as other out-of pocket expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Galen Taylor by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 13a-ii above including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Galen Taylor punitive damages for its malicious and reckless conduct described in Paragraph 13a-ii above in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
200 Jefferson Ave., Suite 1400
Memphis, TN 38103
Telephone (901) 685-4609

*/s/Gary Sullivan*
GARY SULLIVAN
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

*/s/Jennifer Corbin Bearden*
JENNIFER CORBIN BEARDEN
Trial Attorney
AR Bar No. 2013027
jennifer.bearden@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6140